**UNITED STATES of America,**

v.

**Debbie S. HITCHENS, Appellant.**

**No. 02–1554.**

United States Court of Appeals, Third Circuit.

Submitted Sept. 13, 2002.

Decided Nov. 19, 2002.

Before ALITO, FUENTES, Circuit

Judges, and OBERDORFER,* District Judge.

## OPINION

FUENTES, Circuit Judge.

On April 6, 2001, the jury in the above-captioned matter convicted defendant Debbie S. Hitchens ("Hitchens") on two counts of mail fraud and three counts of wire fraud. Afterwards, Hitchens moved for a judgment of acquittal pursuant to Rule 29 of the Federal Rules of Criminal Procedure and for a new trial pursuant to Rule 33. The District Court denied both motions and subsequently sentenced Hitchens on February 8, 2002 to 3 years of probation and ordered restitution. Hitchens appeals her conviction. For the reasons set forth below, we affirm.

Because we write solely for the benefit of the parties, our review of the factual background is limited to that which is necessary to inform our opinion today. At trial, the government introduced evidence of Hitchens's participation in a mortgage fraud scheme. Specifically, she was part of a company called Worldwide Acquisitions, whose purpose was to enable her co-defendant to obtain mortgage loans in excess of the actual purchase price of the properties. Hitchens herself was a licensed real estate agent who participated in conveying false documentation to mortgage companies to further the scheme.

The sole issue presented for our review is whether there was sufficient evidence presented at trial from which a jury could conclude that it was reasonably foreseeable to Hitchens that mailings and wire transfers would be employed in the scheme.

When reviewing the verdict of a jury for sufficiency of the evidence, we apply a deferential standard of review. *United States v. Dent,* 149 F.3d 180, 187 (3d Cir. 1998) ("We apply a particularly deferential standard of review when deciding whether a jury verdict rests on legally sufficient evidence"), *cert. denied,* 525 U.S. 1085, 119 S.Ct. 833, 142 L.Ed.2d 689 (1999); *United States v. Voigt,* 89 F.3d 1050, 1080 (3d Cir.), *cert. denied,* 519 U.S. 1047, 117 S.Ct. 623, 136 L.Ed.2d 546 (1996). In so doing, "[w]e view the evidence in the light most favorable to the Government." *United States v. Hannigan,* 27 F.3d 890, 892 (3d Cir.1994). "If there is substantial evidence to support the jury's determination, we do not disturb the verdict although on that evidence we might not have made the same decision." *Id.*

Viewing the evidence in the light most favorable to the government, we find that the District Court correctly concluded that the evidence was sufficient to sustain the jury's conviction. Both mail and wire fraud require a finding that defendant knowingly caused the use of the mails or a wire transmission, respectively. *See* 18 U.S.C. §§ 1341, 1343; *see also Hannigan,* 27 F.3d at 892 (mail fraud); *United States v. Bentz,* 21 F.3d 37, 40 (3d Cir.1994) (wire fraud).[1] We have also held that it is not necessary for the government to show that defendant herself actually placed documents in the mail, or that she actually intended for the mails or wires to be used. *See Hannigan,* 27 F.3d at 894; *United States v. Boscia,* 573 F.2d 827, 833 (3d Cir.), *cert. denied,* 436 U.S. 911, 98 S.Ct.

---

* The Honorable Louis F. Oberdorfer, United States District Court for the District of Columbia, sitting by designation.

1. As we have noted before, cases construing the mail fraud statute are also applicable to the wire fraud statute. *See United States v. Giovengo,* 637 F.2d 941, 944 (3d Cir.1980), *cert. denied,* 450 U.S. 1032, 101 S.Ct. 1743, 68 L.Ed.2d 228 (1981).

2248, 56 L.Ed.2d 411 (1978). It is sufficient to show that " '[w]here one does an act with knowledge that the use of the mails will follow in the ordinary course of business, or where such use can reasonably be foreseen, even though not actually intended, then he 'causes' the mails to be used.' " *Bentz,* 21 F.3d at 40 (citations omitted). Furthermore, evidence of office practice or business custom is sufficient to establish the mailing element. *See Hannigan,* 27 F.3d at 894.

We agree with the District Court that the government introduced multiple sources of evidence primarily in the form of direct testimony that established (1) the routine practice on the part of mortgage companies of mailing—usually by Federal Express—the various documents used to support an application for a mortgage loan; and (2) the prevalence of wire transfers from mortgage lenders to transmit loan proceeds. This direct testimony, in conjunction with the fact that Hitchens was a licensed real estate broker, formed a sufficient basis from which the jury could reasonably conclude that the use of the mails and wires was reasonably foreseeable by Hitchens. We also agree with the government that this particular scheme to defraud was heavily dependent on either the mail, the wires, or both—mortgage companies routinely employ these methods of transmission in the processing of applications.

For these reasons, we affirm the judgment of the District Court.